IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 10 2014
PER _____
DEPUTY CLERK

| | | |
|---|---|---|
| BETH ELLEN SHIREY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-11-1693 |
| | : | |
| NANCY GIROUX, | : | (Judge Conaboy) |
| | : | |
| Respondent | : | |

**MEMORANDUM**

**Introduction**

This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Beth Ellen Shirey, an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy). Named as Respondent is SCI-Muncy Superintendent Nancy Giroux. Service of the petition was previously ordered. Shirey is represented by counsel.

Shirey was convicted of first degree murder, criminal conspiracy, and criminal solicitation following a jury trial in the Court of Common Pleas of Schuylkill County, Pennsylvania. She was sentenced to a term of life imprisonment on December 1, 2000.

The victim was Roy Bensinger, Petitioner's husband.[1]

---

[1] Shirey and Bensinger were not living together at the time of the murder and divorce proceedings had been initiated.

Bensinger died of a single .30 caliber gunshot wound on June 4, 1992.  His body was discovered by his stepdaughter, Melissa Stine, outside of the home he previously shared with Petitioner. Shirey's .30 caliber rifle was missing from a gun cabinet located inside the house and there were no signs of forced entry.

Following a seven (7) year investigation, Shirey was arrested and charged with the murder of her estranged husband. Petitioner's arrest and subsequent conviction were based in part on testimony given by a career criminal David Blickley, who was Shirey's former paramour and the father of Melissa Stine.  A co-Defendant, Ronald Champney, who was tried separately, was found guilty and sentenced to death in Bensinger's murder.[2]

**Procedural History**

Shirey filed a direct counseled appeal to the Pennsylvania Superior Court which was quashed on April 20, 2001 for failure of her prior counsel to file a supporting brief.  No further appeal was pursued.  Thereafter, Petitioner privately retained new counsel who filed a motion seeking reinstatement of Petitioner's appellate rights.  On November 16, 2001, the Schuylkill County Court of Common Pleas denied the motion for reinstatement of

---

[2] It was asserted by the Commonwealth that Shirey hired Champney to kill Bensinger offering to pay him from the proceeds of a life insurance policy which had been taken out on Bensinger. However, Shirey was unaware that she was no longer the beneficiary of the life insurance policy.

Shirey's appellate rights.[3]

Over a year later, Petitioner's counsel sought collateral relief by filing an action on December 16, 2002 pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[4]   On March 7, 2003, the PCRA court dismissed the action as being untimely.   An appeal was not taken from that determination.

Shirey next filed a second counseled PCRA action on July 28, 2003.   See Doc. 1, p. 23.   The PCRA court granted the Commonwealth's motion to dismiss that PCRA action as being untimely on August 19, 2003.   See id.   The Pennsylvania Superior Court affirmed that decision on June 22, 2004.   See Commonwealth v. Shirey, 858 A.2d 1282 (Pa. Super. 2004).   A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 28, 2004.   See Commonwealth v. Shirey, 864 A.2d 1204 (Pa. 2004).

Petitioner then initiated a pro se § 2254 habeas corpus petition in the United States District Court for the Eastern District.   The matter was subsequently transferred to this district and was assigned to the late Judge James F. McClure.

---

[3] A copy of that decision has not been provided to this court for consideration.

[4] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."   Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

See Shirey v. Moore, Civ. No 05-1459. Petitioner's present counsel subsequently entered his appearance in that matter and filed a request for leave to either submit an amended petition or to withdraw the action without prejudice.  The request to withdraw the petition without prejudice was granted by Judge McClure on December 7, 2005.  There is no indication that Shirey initiated any further action with respect to her criminal conviction during 2006-07.

Shirey and her current counsel indicate that during June, 2008, they learned that her co-defendant Champney had been granted a new trial.  Specifically, a June 3, 2008 PCRA Opinion issued by the Schuylkill County Court of Common Pleas awarded Champney a new trial based upon the following determinations: (1) trial counsel was ineffective for failing to seek suppression of statements made by Champney on the basis that they were in violation of his right to counsel; (2) the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963),[5] by failing to disclose documentation that the district attorney did not oppose witness Blickley's second parole application, information which could have been used to impeach Blickley's credibility and trial counsel was ineffective for not obtaining such documents by subpoenaing Blickley's state parole file; (3) Champney's trial

---

[5] Brady recognized that the government has a duty to provide the defense with potentially exculpatory or impeachment evidence.

counsel was ineffective for failing to impeach Blickley with police reports; (4) trial counsel was ineffective for failing to retain a crime scene reconstruction expert to impeach Blickley's testimony; and (5) trial counsel was ineffective for failing to object during closing argument to the prosecutor's reference to Champney's right to remain silent.[6]

The PCRA court concluded that each of those five issues were critical to Champney's case and each by itself had arguable merit.  It is noted that the PCRA court rejected other claims raised by Champney relating to the guilt phase of his proceedings on their merits.

Relying upon the Champney decision, Petitioner filed another counseled PCRA action on August 1, 2008.  See Doc. 1, p. 4.  This PCRA action raised claims of newly discovered evidence in the form of a Brady violation and ineffective assistance of counsel. See id.  Shirey's petition was similarly dismissed as being untimely by the PCRA court on November 18, 2008.  An appeal to the Pennsylvania Superior Court was dismissed by an October 7, 2009 Memorandum Opinion.  Therein, the Superior Court acknowledged that Champney and Shirey "were both unaware of the preferential treatment that Blickley received because neither of their trial counsel subpoenaed Blickley's parole records."  Doc.

_____

[6] Clearly, Champney was granted relief based upon some grounds which were not applicable to Shirey.

5

1-1, p. 7.   It was also noted that if the defense had presented a crime reconstruction expert at trial, Blickley's testimony would have been subject to additional impeachment.

The Superior Court also stated that Shirey

> "satisfactorily alleges that her claims meet the newly discovered evidence exception of [42 Pa. C. S.] § 9545(b)(1)(ii). However, we conclude that Appellant has failed to prove that this exception actually applies to her untimely PCRA petition."

Id. at p. 11.   The Superior Court explained that the Petitioner's claims were not dependent on the outcome of her co-defendant's PCRA action, i.e., a finding that Champney's counsel was ineffective was not dependent on a finding that co-defendant's counsel's performance was deficient.   The Superior Court further elaborated that Shirey "knew, or should have known, what her trial counsel did, or did not do, at trial and thus could have raised all of the claims for ineffectiveness raised herein in a timely PCRA action just as Champney did."   Id. at p. 14.

Shirey's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 29, 2010.   On September 8, 2011, the Petitioner's pending counseled second habeas corpus action was filed with this Court.

Thereafter, in Commonwealth v. Champney, 65 A.3d 386 (Pa. April 24, 2013), an evenly divided Pennsylvania Supreme Court affirmed the decision of the PCRA court.   However, the opinion in support of affirmance did so only "on the ground that trial

counsel was ineffective for failing to seek suppression of certain statements Champney made to the police in the absence of counsel after the co-defendant had invoked his Fifth Amendment right to an attorney."[7] Champney, 65 A.3d at 386.

A petition for writ of certiorari was thereafter filed by the Commonwealth of Pennsylvania with the United States Supreme Court on September 23, 2013. See Commonwealth v. Champney, 82 USLW 3238 (Sep. 23, 2013)(13-389). By Order dated February 24, 2014, the petition for writ of certiorari was denied. See Pennsylvania v. Champney, 134 S. Ct. 1276 (2014).

Since the Pennsylvania Supreme Court's decision in Champney and the subsequent denial of the Commonwealth of Pennsylvania's petition for writ of certiorari were handed down after the parties made their respective submissions in this case, this Court issued an Order on July 18, 2014 granting the parties an opportunity to submit any final written arguments regarding the impact of Champney. After being granted three jointly requested extensions of time, the parties have made their supplemental arguments. Consequently, this matter is now ripe for consideration.

**Pending Claims**

Shirey's pending action claims entitlement to federal habeas

---

[7] The parties' supplemental submissions concur that an opinion of an evenly divided Pennsylvania Supreme Court has no precedential value.

corpus relief on the grounds that the Commonwealth failed to disclose evidence that the Commonwealth had given Blickley favorable treatment in exchange for his testimony as mandated under <u>Brady</u> (Claim One).   In a related argument, Petitioner contends that this new evidence warrants the granting of a new trial (Claim Six).

Shirey also asserts that trial counsel provided ineffective assistance for failing to:   subpoena Blickley's state parole board file, information which could have been employed for impeachment purposes (Claim Two); present the report of a homicide reconstruction expert for Blickley impeachment purposes (Claim Three); strike the opinion testimony given by ex-State Trooper White that Petitioner was guilty (Claim Four); present character evidence and exclude other act evidence (Claim Five). The Petitioner further contends that the failure of the state courts to address the merits of her third PCRA petition violated her due process and equal protection rights (Claim Seven) and that the PCRA statute is unconstitutional in that it denies due process and equal protection (Claim Eight).

Respondent argues the petition should "be dismissed as untimely and not subject to equitable tolling, and for failure to present cognizable claims."   Doc. 8, p. 1.

**Timeliness**

Respondent first contends that Shirey's petition is

untimely.  <u>See</u> Doc. 8, p. 4. It is initially noted that this federal habeas corpus was filed on September 8, 2011 by Petitioner's current counsel.  Second, Petitioner is pursuing two different groups of claims before this Court.  The first group consists of allegations based upon <u>Brady</u>/new evidence, i.e., those successfully raised by Champney's PCRA action (specifically Claims One, Two, Three, and Six).  Petitioner's second group of claims seek relief with respect to the failure of the state courts to address the merits of her PCRA petition, an argument that the PCRA statute is unconstitutional, and ineffective assistance of trial counsel claims premised on the failure to: strike the opinion testimony given by ex-State Trooper White that Petitioner was guilty, present character evidence, and exclude other act evidence (Claims Four, Five, Seven, and Eight).

Section 2244(d) of Title 28 of the United States Code provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by Sate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State Action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The running of limitations period is suspended (statutorily tolled) for any period when properly-filed state post-conviction proceedings are pending in any state court.  However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period.  See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).  The Third Circuit Court of Appeals in Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001), has also recognized that an untimely PCRA petition does not toll the statute of limitations for filing a federal habeas corpus petition.  See also, Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA

petition was untimely and thus not "properly filed").

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Respondent contends that Shirey is not entitled to statutory tolling. Petitioner's reply acknowledges agreement with the position taken by the Respondent on the issue of statutory tolling and will not address that objection. See Doc. 13, p. 1. Thus, the parties concur that there is no basis for a finding that statutory tolling is applicable with respect to any of the Petitioner's pending claims. However, Shirey does argue that she is entitled to equitable tolling.

### Claims Four, Five, and Eight

It is undisputed that Petitioner's direct appeal was never addressed on its merits due to the failure of counsel to file an appellate brief. Shirey's PCRA counsel admits that he "wrongly computed the time for filing a PCRA petition" which resulted in the dismissal of the Petitioner's first and second PCRA actions. Doc. 8-4, p. 8. Due to those deficiencies, the legality of Shirey's conviction and sentence were never reviewed by the

11

Pennsylvania state appellate courts.[8]

As discussed above, Shirey presents claims relating to an argument that the PCRA statute is unconstitutional (Claim Eight) and ineffective assistance of trial counsel claims premised on the failure to:  strike the opinion testimony given by ex-State Trooper White that Petitioner was guilty (Claim Four), present character evidence, and exclude other act evidence (Claim Five).[9] Petitioner does not argue that those claims are based on newly discovered evidence.

It is undisputed that Shirey's conviction occurred on December 1, 2000.  Pennsylvania's Superior Court dismissed Petitioner's direct appeal on April 20, 2001.  Thus, Shirey's conviction became final on May 20, 2001 when she failed to seek further review and the one year § 2244(d) statute of limitations began to run.

The limitations period expired in May 2002.  Petitioner did not file her first PCRA action until December 16, 2002. Therefore, the § 2244(d) limitations had already expired before Shirey's initial PCRA action was even initiated with the

---

[8] Clearly, it is a cause for concern that Shirey's state appellate rights were not reinstated and that the Pennsylvania state appellate courts never reviewed the merits of Petitioner's conviction and sentence.

[9] Claims Four and Five were included in Shirey's first PCRA action.  See Doc. 8-4, p. 8, n. 2.

Pennsylvania state courts.[10]  It is additionally noted that
Petitioner's reply acknowledges agreement with the position taken
by the Commonwealth on statutory tolling and does not address
that objection.  Doc. 13, p. 1.  Since the parties concur that
there is no basis for a finding that statutory tolling is
applicable, unless there is a basis for equitable tolling, the
non-new evidence arguments (Claims Four, Five, and Eight) are
subject to dismissal as being untimely.

   "[A] litigant seeking equitable tolling bears the burden of
establishing two elements: (1) that he has been pursuing his
claims diligently; and (2) that some extraordinary circumstance
stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418
(2005).  A habeas petitioner may establish grounds for equitable
tolling by showing that (a) the government has actively misled
the petitioner; (b) the rights in question were timely asserted,
but in the wrong forum; or (c) the petitioner has in some
extraordinary way been prevented from asserting his rights."
Jones, 195 F.3d at 159.  "In non-capital cases, attorney error,
miscalculation, inadequate research, or other mistakes have not
been found to rise to the 'extraordinary' circumstances for
equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.

---

   [10] As such, this Court agrees that Shirey is not entitled to a
finding of statutory tolling of the statute of limitations with
respect to either the first or any subsequent PCRA filings.

2001).   Nor does equitable tolling extend to claims of excusable
neglect.   <u>Irwin v. Dept. Of Veterans' Affairs</u>, 498 U.S. 89, 96
(1990).

Although Petitioner concedes that there is no basis for a
finding of statutory tolling, she does claim eligibility for
equitable tolling.   However, Petitioner concedes that "grounds
four and five cannot be saved by equitable tolling."   Doc. 13, p.
5.   Claims Four and Five (non-new evidence arguments) allege that
trial counsel was ineffective for failure to strike the opinion
testimony given by ex-State Trooper White that Petitioner was
guilty; present character evidence; and exclude other act
evidence.

Since Petitioner admits that she is not entitled to either
equitable or statutory tolling with respect to Claims Four and
Five and because both of those arguments are clearly untimely,
the request for dismissal as being untimely under § 2244(d) will
be granted.

Based upon a careful review of the record, it is equally
apparent that Shirey is also not entitled to equitable tolling
with regard to Claim Eight (the PCRA statute is
unconstitutional).   As previously discussed, Claim Eight is not
premised on newly discovered evidence and since the one year
limitations period began to run as of May 20, 2001 at the
conclusion of Shirey's direct appeal it had long since expired

prior to the initiation of this matter.   Accordingly, Claim Eight
will also be dismissed as untimely.

## Claims One, Two, Three, Six, & Seven

Petitioner claims that in June 2008 the facts supporting
the Brady/new evidence based arguments, Claims One, Two, Three,
and  Six, were discovered by she and her current counsel.[11]   The §
2244 one year statute of limitations does "not begin ticking
until the day [the petitioner] received the alleged Brady
material."   Rinaldi v. Gillis, 248 Fed. Appx. 371, 380 (3d Cir.
2007).   Accord Willis v. Jones, 329 Fed. Appx. 7, 16 (6th Cir.
2009)(limitations period begins to run when state disclosed the
evidence).   Thus, Shirey is arguing that one year statute of
limitations with respect to her remaining arguments did not begin
running until mid to late June, 2008.

As previously noted, Petitioner concedes that there is no
basis for a finding of statutory tolling in this matter (thus,
presumably agreeing that her third PCRA which was dismissed on
procedural grounds did not toll the running of the limitations
period on the new evidence based claims).[12]

---

[11] Claim Seven regards the actions of the PCRA court in
addressing the new evidence based arguments.

[12]  As previously discussed, the running of the habeas
limitations period is only suspended for the period when properly-
filed state post-conviction proceedings are pending in any state
court.  See Fahy, 240 F.3d at 243.  Furthermore, federal courts are
bound by a state court's determination that a PCRA petition was
(continued...)

However, Petitioner claims entitlement to equitable tolling based on her contention that upon receiving notice of the new evidence, i.e., Champney's favorable PCRA decision, Shirey timely sought relief from the Pennsylvania state courts and upon conclusion of that effort initiated this federal habeas corpus petition.  Petitioner also seeks equitable tolling on the basis of actual innocence.[13]

The Third Circuit of Appeals has stated that the doctrine of equitable tolling only applies in "extraordinary situations." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  There are no bright line rules for determining when a finding of equitable tolling is appropriate.  See Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).  Rather, the unique circumstances of a particular case must be considered.  See Pabon v. Montgomery, 654 F.3d 385, 399 (3d Cir. 2011).  A court should apply equitable tolling only when "the principles of equity would make the rigid application of a limitation period unfair." Jenkins v. Supt. of Laurel Highlands, 705 F.3d 80, 89 (3d Cir.

---

[12](...continued)
untimely.  Merritt, 326 F.3d at 165-66 & n. 6.

[13] Shirey has not presented this court with any facts which could support a finding of actual innocence.  It is noted that Petitioner's trial counsel clearly attempted to impeach Blickley's credibility on cross-examination.  If Petitioner can present such evidence, she may do so by filing a motion for reconsideration within fourteen (14) days of the date of this Memorandum.

2013).   Under Pace, a petitioner claiming entitlement to
equitable tolling must show diligent pursuit of his or her claims
and that some extraordinary circumstance stood in the way which
prevented timely filing. "Mere excusable neglect is insufficient"
and a habeas applicant must show that he or she acted with
reasonable diligence.   McClain v. Warren, Civ. No. 11-7093, 2014
WL 2805112 * 3 (D.N.J. June 20, 2014).   In Jones, the court held
that a finding of equitable tolling is proper only in
"extraordinary" and "rare" circumstances.   Equitable tolling may
be appropriate "if (1) the defendant has actively misled the
plaintiff, (2) if the plaintiff has 'in some extraordinary way'
been prevented from asserting his rights, or (3) if the
petitioner has timely asserted his rights mistakenly in the wrong
forum."   Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes
have not been found to rise to the 'extraordinary' circumstances
required for equitable tolling."   Fahy v. Horn, 240 F.3d 239, 244
(3d Cir. 2001).   In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir.
2002), the Third Circuit Court of Appeals reiterated that
attorney error was not a sufficient basis for equitable tolling.
Likewise, it has been established that the principles of
equitable tolling do not extend to claims of excusable neglect.
Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).
Generally speaking, any argument by Petitioner that she is

entitled to equitable tolling because the conduct of her prior
attorneys was deficient does not establish an entitlement to
equitable tolling.

Based upon a review of the circumstances pertaining to
Shirey's case, this is not one of those rare cases which warrants
a finding of equitable tolling.  In that vein, it is reiterated
that attorney error is not a sufficient basis for equitable
tolling See Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).
This Court is dismayed by the fact that the conduct of
Petitioner's counsel on direct appeal and initial PCRA counsel
prevented the Pennsylvania state court from reviewing the
legality of petitioner's conviction and sentence.  Nonetheless,
as discussed above garden variety errors of counsel such as
miscalculations of time do not by themselves warrant equitable
tolling relief.

It is also clear there were multiple prolonged periods of
inactivity in Shirey's case.  Of particular noteworthiness is a
period of inaction from December 7, 2005 to approximately June
2008.  Shirey also offers no explanation for the delay in seeking
seeking federal habeas relief after Judge McClure's December 7,
2005 decision.  The Petitioner also waited almost nine months
after the Pennsylvania Supreme Court December 29, 2010 affirmance
of the dismissal of her most recent PCRA action and more than
three (3) years after the alleged June, 2008 discovery of new

evidence before seeking federal habeas corpus relief on September 8, 2011.   Shirey offers no explanation for her failure to file a protective habeas corpus petition within one year of her discovery of the alleged new evidence.

Furthermore, even if the actions or non-actions of counsel are deficient, a petitioner must still exercise diligence.   The Petitioner has also not presented any facts that she herself was diligently pursuing relief.   For instance, Shirey has not presented any facts showing that she made numerous attempts to contact her attorneys which went unanswered.   As such there is no evidence to show that Petitioner was biting at the heels of her attorneys.

Second, Petitioner argues that a finding of equitable tolling is appropriate in light of the Supreme Court's recent decision in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012).[14]   In <u>Martinez</u>, the United States Supreme Court held that ineffective assistance of counsel in a PCRA proceeding could constitute cause for a procedural default.   The finding was limited to situations where PCRA counsel failed to raise issues of ineffective assistance by trial counsel and thereby procedurally defaulted the claim for purposes of federal habeas corpus review. <u>See</u> <u>Boyd v. Bozum</u>, 2012

---

[14] <u>Martinez</u> was handed down after the initiation of this matter.   Petitioner does not address the issue of whether <u>Martinez</u> can be applied retroactively.   Any reconsideration request pursued by Petitioner would need to address that question.

WL 3595301 *2 (W.D. Pa. Aug. 21, 2012).

Petitioner has not provided this Court with any authority to support its contention that <u>Martinez</u> should be extended to apply as an exception to the § 2244(d) limitations period. Moreover, it has been recognized that <u>Martinez</u> does not constitute an exception to the one year statute of limitations for filing a federal habeas corpus petition. <u>See generally</u> <u>Vought v. Coleman</u>, 2012 WL 2930871 *4 (W.D. Pa. July 18, 2012).[15]

Third, Shirey asserts that the factual findings made by the Court of Common Pleas in granting co-defendant Champney PCRA relief constitutes newly discovered evidence. Unlike Champney, Shirey was not alleged to be the shooter or even at the scene of Petitioner's killing. Thus, the substance and importance of Blickley's testimony differed with respect to the co-defendants. Moreover, during cross-examination Shirey's counsel undertook an effort to impeach Blickley's credibility by cross examining the witness regarding prior <u>crimen falsi</u> convictions as well as with a letter wherein the District Attorney discussed Blickley's cooperation.[16] Given the fact that Shirey's trial counsel pursued

---

[15] Petitioner has not presented any authority nor is this Court aware of any Circuit Court holding extending <u>Martinez</u> in the direction suggested by Shirey.

[16] <u>Crimen falsi</u> offenses are "in the nature of perjury, criminal fraud, embezzlement, false pretense, or any other offense,
(continued...)

impeachment of Blickley on multiple fronts, the impact, if any, of the <u>Brady</u> material at issue herein would have had on the jury as additional impeachment evidence is unclear.[17]

In conclusion, even though evidence which may have impeached the credibility of the chief prosecution witness was not disclosed, dismissal of this federal habeas corpus petition for failure to satisfy the AEDPA's time limitations procedural requirements is appropriate.  See <u>Rinaldi v. Gillis</u>, 248 Fed. Appx. 371, 382 (3d Cir. 2007).

The petition for writ of habeas corpus will be dismissed as untimely pursuant to § 2244(d).  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 10, 2014

---

[16](...continued)
the commission of which involves some element of untruthfulness or falsification."  <u>Walker v. Horn</u>, 385 F.3d 321, 334 (3d Cir. 2004).

[17] It is also noteworthy that <u>Champney</u> is a capital case and such cases are often treated differently.  <u>See</u>, <u>e.g.</u>, <u>Fahy</u>, 240 F.3d at 244.